IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR336 |
| v. | |
| FRANCIS PEEBLES, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Francis Peebles's ("Peebles") pro se Motion for Compassionate Release (Filing No. 66) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That statute permits Peebles to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

In his motion, Peebles states his asserted grounds for compassionate release but says nothing about whether he has met either of the statutory prerequisites to judicial review. This Court agrees with the Third Circuit that a defendant's failure to show he has satisfied § 3582(c)(1)(A)(i) "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (noting "the risks that COVID-19 poses in the federal prison system," but finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, Peebles's motion for compassionate release is denied without prejudice to refiling after either of the statutory requirements is met.

2

IT IS SO ORDERED.

Dated this 7th day of August 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge